RECEIVED
SDNY PRO SE OFFICE

2022 MAR 15 AM 10: 37

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Derry Sykes,<br>     Plaintiff,<br>vs.<br><br>New York City Housing Authority,<br>     Defendant. | ) Case No.:<br>)<br>) **COMPLAINT PURSUANT TO 42 USC**<br>) **SECTION 3602[h][1][[i], Section**<br>) **3613[1][A]**<br>)<br>) |

**INTRODUCTION:**

1. Derry Sykes, appearing pro se, respectfully submit this pleading pursuant to the Fair Housing Act of 1988 (FHA), 42 USC Section 3602[h][1][i] and Section 3613[1][A], against the above named respondent New York City Housing Authority [NYCHA] for refusal and failing to make major emergency repairs since or about May 15, 2019, in violation of New York City Housing Maintenance Codes (HMC) Section 27-2115, Civil Penalties sought pursuant several valid work tickets plaintiff has submitted to respondent to correct said outstanding repairs were all ignored.

2. Plaintiff's respectfully requests this Court's immediate intervention for an Order directing respondent NYCHA to correct the hazardous dangerous conditions at plaintiff's resident including falling bathroom ceiling paint & mold removal from where approximately ¼ of the bathroom wall were repaired from leaks that cause the walls to collapse; water leaks in from hot water pipes in the shower area causing low pressure resulting in no hot water when showering, toilet needs to be replaced very badly damaged from leaks and wear & tear & was used when plaintiff first rented the apartment.

1

3. Plaintiff 's hallway walls and ceiling outside of the bathroom is breaking apart due leaks from stemming from the shower area to the kitchen which occurred approximately three (3) years ago when large porting of hallway wall imploded the respondent plastered and sheet rock the damage area but failed to paint and the deteriorated has returned chucks of the walls is falling daily due to respondent failure to adhere to their legal obligation and protect plaintiff's rights under current disability laws.

4. Plaintiff has major leaks in the kitchen area is believed to be a direct cause of the shower leaks which cause all the electric outlets to be inoperative except the refrigerator. This is represent a fire hazardous plaintiff have to use electric can opener, microwave, coffee pot, and washing machine, blenders in the living room area as consequence of these conditions and the leaks in the kitchen area has destroyed plaintiff washing machine.

5. Plaintiff has similar issues with leaks in the living room as consequences of above apartments flooding which is causing the walls and ceiling to crack and fall unto the floor.

6. These conditions described in the above constitutes a grave threat to the life, health and safety of plaintiff and his family common law wife (CLW) Elba Malave, is wheel chair bound and just suffered to major operations in the past two (2) and her daughter Stephanie Rodriguez whom all are disable which

requires this Court to hear this cases on an emergency basis as the photo evidence and submitted work tickets shall demonstrate.

## PARTIES

7. Plaintiff Derry Sykes, appearing pro se in these proceedings is a disable 63 years old Black male and resides at 70 East 115th Street, Apartment 6H, New York 10029.

8. The respondent New York City Housing Authority (NYCHA), place of business is the landlord and place of business is located at 250 Broadway, New York, New York 10007.

## VENUE AND JURISDICTION

9. Jurisdiction of this Court is properly invoked pursuant to 29 USC Section 701 et seq. (Section 504 of the Rehabilitation Act of 1973); The Fair Housing Act of 1988 (FHA), 42 USC Section 3602[h][1][i], Section 3613[1][A]; 24 CFR Section 5.603, et seq., Subpart F, "Section 8 and Public Housing HUD Assisted Housing Serving Persons With Disabilities; The American With Disability Act of 1990(ADA), 42 USC Section 12101 et seq.; and the Fourteenth Amendments of the United States Constitution, Equal Protection & Due Process of Law Clauses.

## NEW YORK STATE STATUTES

10. Jurisdiction of this Court is properly bestowed pursuant to New York State Human Rights Law NYSHRL (Amended 2010)"Disability Housing Rights And Building Codes Of New York"; New York State Executive Law, Section 296.18[2]; and New York state Elders Law, N.Y. CLS Social Service Section 473(2020); N.Y. Executive

Section 837[f][1](2020): "Specifically N.Y. Penal Law, Section 260.32; New York State Real Property Law, Article 7, Section 235 (RPL), "Willful Violations".

## NEW YORK CITY STATUTES

11. Jurisdiction is properly invoked pursuant to New York City Housing Maintenance Codes (HMC) Section 27-2115; Section 27-2017[1], "Indoor Allergen/Mold Hazards" for enforcement of repairs and civil penalties; New York City Administrative Code (CCHR), Title 8: Civil Rights, Chapter 1, Commission On Human Rights, Section 8-107 et seq.

## FACTUAL AND LEGAL BASIS FOR COMPLAINT

12. The respondent NYCHA has violated Federal Laws & Regulations in regards to providing adequate heat & hot water, repairs as mandated by federal standards pursuant to "Housing Quality Requirements" 'HUD-disseminated physical conditions standards' for federal assisted housing or Public Housing Authority (PHA). See, 42 USC Section 1437[d][f]; 24 CFR Section 5.703.

13. Under the FHA and HUD mandates respondent NYCHA must ensure each tenant hot water & heat; free of health & safety hazards, and good repairs. See, 24 CFR Section 5.703[d][1].

14. The respondent NYCHA has systematically and vigorously ignored plaintiff's work tickets for repairs dating back to May 16, 2019, apartment walls needs paint & plastering which was erroneously closed and may have involved forging plaintiff signature as signing off on the work ticket No. 68841503,

4

another ticket No. 69233813 for the same repairs was opened on September 26, 2019, to date no repairs have made on said ticket No. 69233813. (See, Plaintiff's Exhibit "A" NYCHA Work Ticket No. 66841503 and NYCHA Work Ticket No. 69233813).

15. Plaintiff submitted a similar work ticket No. 79557227, dated November 4, 2020, for repairs after several water leaks from tenants above over run sinks flooding plaintiff's apartment living room ceiling and walls severely and no repairs has been done to date. (See, Plaintiff's Exhibit "B" NYCHA Work Ticket No. 72957227).

16. Plaintiff submitted a work ticket No. 87095653, dated December 9, 2021, for the bathroom water low pressure, which was never attended to or repaired. Plaintiff was told that licensed plumbers would need to come to repair the pipes behind the wall were shower head is located which is leaking cause the source of low water pressure and to date no one has come to make dangerous and hazardous repairs which cause electric outlets in the kitchen area to default. Plaintiff's Eight Hundred Dollars ($800.00) washing machine was ruin by the leaks in the kitchen area and valid concerns of an electrical fire erupting as consequence of the leaks from bathroom area ensuing to the kitchen area. (See, Plaintiff's Exhibit "C", NYCHA Work Ticket No. 87095653)

17. Respondent has abundantly proven to be habitual offender of failing to make repairs to unsafe, dangerous and hazardous

conditions in plaintiff's apartment as it relates to the last ticket No. 80898998, walls needs painting & plastering, dated April 23, 2012, on file with respondent NYCHA. Plaintiff has visited manager office several times to complain of lack badly need repairs to no avail. Several NYCHA maintenance staff has taken photos of the badly need repairs and forwarded to their supervisors for the past two (2) years and yet nothing has been done which is inexcusable. (See, Plaintiff's Exhibit "D", NYCHA Work Ticket No. 8089898)

18. Plaintiff equates the respondent's NYCHA refusal to make repairs to very serious issues described in this complaint and as support by photos in the accompany Affidavit of plaintiff in support of this proceeding as reckless and willful disregard of FHA Section 42 USC Section 3602[h][1][i], Section 3613[1][A]. Plaintiff is genuinely concerned that lack of stated repairs would result in unnecessary injuries and probable deaths as consequence of the respondent's gross negligence.

19. The need and urgency for these emergency repairs are highlighted because plaintiff is disable and resides in retro-fitted/Section 504 apartment that demands a higher priority when it comes to completion of repairs which is a cause of action under 3602[h][1][i] and section 3613 [1][A].

20. The respondent NYCHA is violation of plaintiff's due process of law to adequately and timely make required major repairs to the current condition of the plaintiff's premises as follows:

6

a) Bathroom: (i) Water leaks from the ceiling to base board causing partial collapse; (ii) Water leaks causing the walls to collapse and paint peeling; (iii) Water leaks from shower pipes causing extreme low hot water pressure; (iv) Water leaks from shower pipes traveling to the hallway walls and to kitchen area causing unsanitary, hazardous and dangerous conditions; Water damages to bathroom sink; (V) Water damages to medicine cabinet; (vi) defective toilet which often floods apartment, do not flush properly and was used when plaintiff moved into premises; (vii) Mold around tub, sink, medicine cabinet, shower, walls & ceiling; bathroom, shower, tub not draining properly; (viii) Painting & plastering needed;

b) Hallway Adjacent To Bathroom: (i) Water damage causing damages to the repairs previous made in the hall which that resulted in large section of the hallway walls collapsing two (2) years prior to current conditions complained of; Column base from the floor to ceiling peeling and cracking causing large debris from the walls to fall daily; (ii) Painting & plastering needed; (iii) Mold in the hallway caused by water leaks;

c) Kitchen: (i) Holes in the ceiling and walls stemming from water leaks from shower pipes traveling to kitchen area; (ii) Electric outlets in the kitchen inoperable caused by

7

leaks; (iii) Mold in the kitchen cause by water leaks; (iv) Kitchen cabinets damaged by water leaks;

d) Living Room: (i) Water damage from causing the walls & ceiling to collapse in large sections; (ii) Paint & plastering needed; (iii) Mold in the living room area were leaks occurred.

21. Plaintiff alleges that respondent NYCHA are in breach of their Rules & Regulations "Highlighted of House Rules, Lease And Policy" Section 5-Repairs; Section 6-Inspections; and Section 27-Reasonable Accommodation.

22. Every member of plaintiff's household has a disability as plaintiff suffers from major depression as a disability and receives counseling and medications for his illnesses; Elba Malave has a physical disability, and her daughter Stephanie Rodriguez, has a mental disability and receives counseling and medication.

23. Plaintiff's repairs and work tickets should have been given a higher priority because plaintiff's residence is retro-fitted under Section 504 of the Rehabilitation Act of 1973 (29 USC Section 701 et seq.).

24. All occupants of plaintiff's residence are recipients of Social Security Disability benefits and is defined as a "disable family" under the definition of Social Security statutes of 42 USC Section 423, "a person determined to have a physical, mental, emotional impairment that is expected to be

8

long-continued and indefinite duration, is substantial impeded in his or her ability to live independently could be improved by more suitable housing conditions; or has a developmental disability as defined in 42 USC Section 6001.

### RELIEF DEMANDED FOR DAMAGES

25. **THEREFORE,** plaintiff respectfully demand a Judgment be Entered against respondent NYCHA in the followings:

(a) Declaring the respondent NYCHA acted in willful and reckless disregard of plaintiff's due process of law in violation of 42 USC Section 3602[h][1][i], and other relevant local New York City and state statutes regarding the right to have decent housing and repairs;

(b) Declaring that a sufficient claim of deprivation of plaintiff's civil rights were infringed under the ADA (42 USC Section 12101 et seq.) on the basis plaintiff is disable/ senior citizen & household members are disable;

(c) Enter a judgment against respondent NYCHA that they acted in bad faith and wanton disregard of plaintiff's status as being disable and occupant of an Section 504 apartment should warrant a higher priority when it comes to making adequate, timely and complete repairs based on ignoring of work tickets submitted to respondent NYCHA;

(d) Enter a judgment **ORDERING,** respondent NYCHA to make repairs on an expedited manner as the facts presented suggest the urgency;

9

(e) Enter a judgment against respondent NYCHA for punitive damages for the systematic willful deprivations of plaintiff's civil rights to afforded adequate timely repairs in the amount of One Hundred & Fifty Thousand Dollars ($150,000), which has cause plaintiff and his family tremendous mental anguish and exposed them to health hazardous and dangerous life threatening circumstances as consequence of the major repairs needed as mandated by Fair Housing Act of 1988 (FHA), Section 3613[h][1][i], "Enforcement By A Private Person"; New York City Housing Maintenance Codes (HMC) Section 27-21115, "Civil Penalties", can be properly imposed.

**WHEREFORE**, plaintiff respectfully requests this Court grant the relief sought in this proceeding **ORDERING**, respondent New York City Housing Authority to make expedited repairs to address the deteriorating conditions needed fixing to avert threats of potential harm to plaintiff and household members and any other further relief thus Court deems just and equitable as justice so requires.

**Dated: March 7th, 2022.**

Respectfully Submitted,

*Derry Sykes*
Derry Sykes, Pro Se Litigant
70 east 115th Street, Apt. 6H
New York, New York      10029
(813) 471-8241
sykesderry@yahoo.com

10

Derry Sykes, Pro Se
70 East 115th Street, Apt. # 6H
New York, New York  10029



USM-SDNY
RECEIVED
MAR 15 2022
PRO SE OFFICE

Pro Se Clerk Office
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York   10007

USPS TRACKING® #
9534 6120 1723 2066 3017 33