USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/24/2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DERRY SYKES,

                              Plaintiff,

            -against-

NEW YORK CITY HOUSING AUTHORITY,

                              Defendant.

---

1:22-CV-2127 (MKV)

ORDER TO AMEND

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Derry Sykes, who is appearing *pro se*, filed this action asserting claims under the Fair Housing Act, the Americans with Disabilities Act, the Rehabilitation Act, 42 U.S.C. § 1983, and state law. He sues the New York City Housing Authority ("NYCHA"), and seeks damages as well as declaratory and injunctive relief. Plaintiff has also filed a motion seeking immediate emergency repairs to his NYCHA apartment. (ECF 4.)

By order dated March 18, 2022, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: Plaintiff and the other members of his household are disabled.[1] They are NYCHA tenants, and live in a NYCHA apartment located in Manhattan. On

---

[1] Plaintiff alleges the following about the members of his household: (1) Plaintiff "suffers from major depression" (ECF 2, at 8); (2) his "common law wife," Elba Malave, is wheelchair

May 16, 2019, Plaintiff filed a request with NYCHA to have his apartment's walls plastered and painted; the request "was erroneously closed and may have involved forging [P]laintiff['s] signature as signing off on the work ticket." (ECF 2, at 4.) On September 26, 2019, Plaintiff filed another request for the same repairs, but "to date[,] no repairs have [been] made on said ticket." (*Id.* at 5.) More than a year later, on November 4, 2020, Plaintiff filed yet another request for repairs "after several water leaks from tenants above . . . flood[ed] [P]laintiff's apartment living room ceiling and walls severely and no repairs ha[ve] been done to date." (*Id.*) More than a year after that, on December 9, 2021, Plaintiff filed still another request for repairs associated with low water pressure in Plaintiff's bathroom; those repairs never occurred. Leaking pipes in the wall behind Plaintiff's showerhead are the source of the low water pressure. These leaks have caused the electric outlets in Plaintiff's kitchen to malfunction, damaged Plaintiff's washing machine, and present a potential electrical-fire hazard in Plaintiff's kitchen.

Plaintiff visited his NYCHA building manager's office on multiple occasions to complain about NYCHA's failure to repair his apartment. NYCHA employees came to his apartment to take photographs of the areas that required repairs and forwarded those photographs to their supervisors, but no repairs have occurred. The repairs are urgent because Plaintiff is disabled and "resides in [a] retrofitted/Section 504 apartment that demands a higher priority when it comes to completion of repairs." (*Id.* at 6.) NYCHA "is [in] violation of [P]laintiff's [right to] due process of law to adequately and timely make required major repairs to the current condition of [his] premises. . . . (*Id.*)

---

bound (*id.* at 2); and (3) Malave's daughter suffers from "a mental disability and receives counseling and medication" (*id.* at 8).

Plaintiff lists the current conditions of his NYCHA apartment in the following manner:

a) Bathroom: (i) Water leaks from the ceiling to base board causing partial collapse; (ii) Water leaks causing the walls to collapse and paint peeling; (iii) Water leaks from shower pipes causing extreme low hot water pressure; (iv) Water leaks from shower pipes traveling to the hallway walls and to kitchen area causing unsanitary, hazardous and dangerous conditions; Water damage to bathroom sink; (v) Water damage[] to medicine cabinet; (vi) defective toilet which often floods apartment, do[es] not flush properly and was used when [P]laintiff moved into premises; (vii) Mold around tub, sink, medicine cabinet, shower, walls [and] ceiling; bathroom, shower, tub not draining properly; (viii) Painting [and] plastering needed;

b) Hallway Adjacent To Bathroom: (i) Water damage causing damage[] to the repairs previous[ly] made in the hall . . . that resulted in large section[s] of the hallway walls collapsing two (2) years prior to current conditions complained of; Column base from the floor to ceiling peeling and cracking causing large debris from the walls to fall daily; (ii) Painting [and] plastering needed; (iii) Mold in the hallway caused by water leaks;

c) Kitchen: (i) Holes in the ceiling and walls stemming from water leaks from shower pipes traveling to kitchen area; (ii) Electric outlets in the kitchen inoperable caused by leaks; (iii) Mold in the kitchen cause[d] by water leaks; (iv) Kitchen cabinets damaged by water leaks;

d) Living room: (i) Water damage from causing the walls [and] ceiling to collapse in large sections; (ii) Paint [and] plastering needed; (iii) Mold in the living room area w[h]ere leaks occurred.

(*Id.* at 7-8.)

## DISCUSSION

### A.    The Fair Housing Act

The Fair Housing Act ("FHA") "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, . . . national origin," or disability. 42 U.S.C. § 3604(b), (f). Section 3604 makes it unlawful to "discriminate in the . . . rental [of], or to otherwise make unavailable or deny, a

4

dwelling to any . . . renter because of" the individual's disability. § 3604(f)(1)(A). It also prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of a [disability]." § 3604(f)(2). Under the FHA, disability discrimination further includes a refusal to make "reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." § 3604(f)(3)(B).

"To demonstrate a disability under the FHA, a plaintiff must show: (1) 'a physical or mental impairment which substantially limits one or more . . . major life activities'; (2) 'a record of having such an impairment'; or (3) that he or she is 'regarded as having such an impairment.'" *See Rodriguez v. Village Green Realty, Inc.*, 788 F.3d 31, 40 (2d Cir. 2015) (quoting 42 U.S.C. § 3602(h)). Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must allege facts sufficient to show that he "was 'a member of a protected class,' suffered relevant 'adverse' treatment, and 'can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation.'" *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order) (emphasis in original) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). "'[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation' at the pleading stage." *Id.* at 45-46 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015)). Thus, "a plaintiff may not need to prove that her protected status was a but-for cause of the adverse action she suffered, but only a motivating factor." *Id* at 46 (citing *Vega*, 801 F.3d at 86); *Fair Hous. Justice Ctr., Inc. v. Edgewater Park Owners Coop., Inc.*, No. 10-CV-0912l, 2012 WL 762323, at *7 (S.D.N.Y. Mar.

5

9, 2012) ("To establish a claim under the FHA . . . , Plaintiff must demonstrate that [a protected class] is a motivating factor in" the defendant's actions.).

To state a claim under the FHA that a defendant failed to provide reasonable accommodations with respect a plaintiff's disability, however, a plaintiff must allege facts showing:

> (1) that the plaintiff or a person who would live with the plaintiff had a [disability, as defined by the FHA]; (2) that the defendant knew or reasonably should have been expected to know of the [disability]; (3) that the accommodation was likely necessary to afford the [disabled] person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation requested was reasonable; and (5) that the defendant refused to make the requested accommodation.

*Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014); *C.T. Fair Hous. Ctr. v. Corelogic Rental Prop. Solutions, LLC*, 369 F. Supp. 3d 362, 379 (D. Conn. 2019). "'Plaintiffs must show that, but for the accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice.'" *Olsen*, 759 F.3d at 156 (citation omitted). "Requested accommodations are reasonable where the cost is modest and they do not pose an undue hardship or a substantial burden on the housing provider." *Id.*

Even assuming that Plaintiff has a disability within the meaning of the FHA, Plaintiff fails to allege facts sufficient to state a claim, under the FHA, that NYCHA has intentionally discriminated against him because of his disability or failed to provide reasonable accommodations with respect to his disability. Plaintiff does not provide any facts showing that his disability has been a motiving factor with respect to any adverse action NYCHA has taken against him. *See Smith v. NYCHA*, 410 F. App'x 404, 406 (2d Cir. 2011) (summary order) ("Smith did not allege that NYCHA failed to provide needed repairs in her apartment because she was disabled, or that NYCHA responded differently to the maintenance requests of non-disabled tenants. Because Smith has not alleged that discriminatory animus was a factor, much

less a 'significant factor,' in NYCHA's alleged failure to maintain the apartment building and Smith's apartment, she failed to state a claim for intentional discrimination."). Plaintiff also alleges no facts showing that, but for a requested reasonable accommodation for his disability, he has been denied an equal opportunity to enjoy his apartment. *See Higgins v. 120 Riverside Boulevard at Trump Place Condo.* No. 21-CV-4203, 2021 WL 5450205, at *4 (S.D.N.Y. Nov. 19, 2021) ("A plaintiff is not entitled to *preferential* enjoyment of her housing solely by virtue of her disability. Rather, she must show that, but for the accommodation, [she has been denied or] likely will be denied an *equal* opportunity to enjoy the housing of [her] choice.") (internal quotation marks and citations omitted, alterations and emphasis in original); *Riccardo v. Cassidy*, No. 1:10-CV-0462, 2012 WL 651853, at *6 (N.D.N.Y. Feb. 28, 2012) ("Because the amended complaint does not suggest that improvement of these conditions will afford plaintiff equal opportunity to use and enjoy [his dwelling], plaintiff cannot show that his [disability] gives rise to a duty to add a lock on the side door, to cover exposed wiring, and to fix the water meter. Therefore, defendant's motion to dismiss plaintiff's accommodation claims as to these conditions must be granted."). In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend his complaint to allege facts to state a claim under the FHA of disability discrimination or failure to provide reasonable disability accommodations.

## B.    The Americans with Disabilities Act and the Rehabilitation Act

Title II of the Americans with Disabilities Act ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected

to discrimination by any such entity."[2] 42 U.S.C. § 12132. Under the Rehabilitation Act, "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794(a). The definition of "disability" under the ADA and the definition of an individual with a disability under the Rehabilitation Act are nearly identical to the abovementioned definition of disability under the FHA. *See* 42 U.S.C. §§ 3602(h) (FHA, referred to as "handicap"), 12102(1)(A) (ADA); 29 U.S.C. § 705(20)(B) (Rehabilitation Act). Because the standards under Title II of the ADA and the Rehabilitation Act "are generally the same and the subtle distinctions between the statutes are not implicated in this case, '[the Court will] treat claims under the two statutes identically'" for the purposes of this order, except where otherwise noted. *Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016) (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)).

To state a claim under Title II of the ADA or under the Rehabilitation Act, the plaintiff must allege that (1) the plaintiff is a qualified individual with a disability; (2) the defendant is subject to the ADA or the Rehabilitation Act; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, by reason of the plaintiff's disability.[3] *Shomo v. City of*

---

[2] NYCHA is a public entity for the purpose of Title II of the ADA. *See, e.g.*, *Williams v. N.Y.C. Hous. Auth.*, No. 07-CV-7587, 2009 WL 804137, at *6 n.3 (S.D.N.Y. Mar. 26, 2009), *aff'd*, 408 F. App'x 389 (2d Cir. 2010).

[3] Following the Supreme Court's ruling in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176-77 (2009), in which it held that "age discrimination must be the 'but-for' cause of an adverse employment action for . . . liability to attach" under the Age Discrimination in Employment Act (ADEA), the Second Circuit has not decided whether "but-for" causation or "mixed motive" causation is required to state a claim under Title II of the ADA or a non-employment discrimination claim under the Rehabilitation Act. *Bolmer v. Oliveira*, 594 F.3d 134, 148-49 (2d

*New York*, 579 F.3d 176, 185 (2d Cir. 2009) (quoting *Henrietta D.*, 331 F.3d at 272).

"Additionally, to establish a violation under the Rehabilitation Act, a plaintiff must show that the

defendant[] receive[s] federal funding." [4] *Henrietta D.*, 331 F.3d at 272.

Again, even assuming that Plaintiff is a qualified individual with a disability for the

purpose of Title II of the ADA or the Rehabilitation Act, and is subject to the protections of either

of those statutes, Plaintiff has alleged no facts showing that he was denied the opportunity to

participate in or benefit from NYCHA's services, programs, or activities, or was otherwise

discriminated against by NYCHA, *by reason of* his disability. *See Smith*, 410 F. App'x at 406

(discussion in the context of claims under the FHA and Title II of the ADA arising from

NYCHA's failure to carry out repairs in its apartments). The Court grants Plaintiff leave to

amend his complaint to allege facts to state a claim under Title II of the ADA or the

Rehabilitation Act.

**C.       42 U.S.C. § 1983**

When a plaintiff sues a municipality or other local government entity under 42 U.S.C.

§ 1983, it is not enough for the plaintiff to allege that one of the municipality's or other local

government entity's employees or agents engaged in some wrongdoing.  The plaintiff must show

that the municipality or other local government entity itself caused the violation of the plaintiff's

rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local

government may be liable under this section [1983] if the governmental body itself 'subjects' a

person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.")

---

Cir. 2010) (discussion in the context of Title II of the ADA). *But cf. Natofsky v. City of New York*, 921 F.3d 337 (2d Cir. 2019) (holding that "but-for" causation applies to employment discrimination claims brought under the Rehabilitation Act), *cert. denied*, 140 S. Ct. 2668 (2020).

[4] NYCHA receives federal funding. *See Williams*, 2009 WL 804137, at *4.

quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality or other local government entity, the plaintiff must allege facts showing: (1) the existence of a municipal or local government entity policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). This standard has been applied to claims under Section 1983 brought against NYCHA. *See Carrero v. N.Y.C. Hous. Auth.*, 890 F.2d 569, 576-77 (2d Cir. 1989).

Plaintiff alleges no facts showing that a policy, custom, or practice of NYCHA has caused a violation of his federal constitutional rights. The Court grants Plaintiff leave to amend his complaint to state a claim under Section 1983 against NYCHA.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against NYCHA under the FHA, Title II of the ADA, the Rehabilitation Act, or Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against NYCHA. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what the defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:22-CV-2127 (MKV). An amended complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to

comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    March 24, 2022
          New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


                    -against-


_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                                State                    Zip Code

_____

Telephone Number                          Email Address (if available)

**B.  Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                      Zip Code

Defendant 2:

First Name                                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                      Zip Code

Defendant 3:

First Name                                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                      Zip Code

Defendant 4:

_____
First Name                         Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.