USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___7/22/2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRY SYKES,

                              Plaintiff,

            -against-

NEW YORK CITY HOUSING AUTHORITY,

                              Defendant.

1:22-CV-2127 (MKV)

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Derry Sykes, proceeding *pro se* and *in forma pauperis* ("IFP"), brings this action against the New York City Housing Authority ("NYCHA"), under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and 42 U.S.C. § 1983, alleging that NYCHA has failed to make necessary repairs to his apartment, creating an "unsafe, unsanitary and dangerous environment for [P]laintiff and his household." (Amended Complaint ("Am. Compl."), ECF 13, at 5). Plaintiff seeks relief in the form of "[i]mmediate competent repairs to the conditions complained of and outlined in this action." (Am. Compl. at 5). For the reasons set forth below, the Court dismisses this action for failure to state a claim on which relief may be granted.

## BACKGROUND

### I.    The Complaint

Plaintiff, a serial filer in this district, initiated this action on March 15, 2022 by filing the Complaint. [ECF No. 2]. In the Complaint in this action, Plaintiff asserted claims under the FHA, ADA, and section 1983, alleging that NYCHA had failed to make necessary requested repairs to his apartment. [ECF No. 2, at 1]. Specifically, Plaintiff alleged that there was mold in

the apartment, that his bathroom ceiling had partially collapsed, that water leaks caused

significant damage to his apartment, and that there was a threat of electrical fire due to water

leaking around electric sockets in the kitchen.  [ECF No. 2, at 7–8.  At the same time Plaintiff

filed his Complaint, Plaintiff also appeared to file a request for emergency relief, seeking an

order from the Court directing Defendant NYCHA to make immediate emergency repairs to

Plaintiff's residence.  [ECF No. 3].

       Considering the gravity of the allegations, the Court directed the parties to appear for a

hearing before the Court on April 4, 2022, concerning the condition of Plaintiff's apartment.

[ECF No. 7].  The Court directed NYCHA to send a representative to Plaintiff's apartment prior

to the April 4th hearing to investigate Plaintiff's allegations.  [ECF No. 7].

## II.    Order To Amend

       In the interim, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court reviewed the Complaint

and determined that it did not state a claim for relief on which relied may be granted.  [ECF No.

9].  The Court explained the deficiencies in Plaintiff's Complaint with respect to his claims under

the FHA, ADA, and section 1983, and granted Plaintiff leave to amend his complaint.  [ECF No.

9].  Specifically, the Court granted Plaintiff leave to amend as to: (1) his claims of disability

discrimination under the FHA because Plaintiff did not allege any facts in his original complaint

showing that his disability had been a motivating factor with respect to any adverse action taken

against him by NYCHA; (2) his claims under the FHA that were based on NYCHA's alleged

failure to provide reasonable accommodations because of his disability, as Plaintiff did not

provide facts in his original complaint showing that, but for a requested reasonable

accommodation, he had been denied an equal opportunity to enjoy his apartment; (3) his claims

under Title II of the ADA and the Rehabilitation Act because Plaintiff did not allege any facts in

his original complaint showing that he had been denied the opportunity to participate in or

benefit from NYCHA's services, programs, or activities, or was otherwise discriminated against by NYCHA, by reason of his disability; and (4) his claims under Section 1983 because Plaintiff did not allege any facts in his original complaint showing that a policy, custom, or practice of NYCHA had caused a violation of his federal constitutional rights.  [ECF 9, at 4–10].

### III.    April 4th Hearing

On April 4th, 2022, the Court held a hearing concerning the condition of Plaintiff's apartment.  At the hearing, NYCHA represented that it had investigated Plaintiff's complaints and had begun repairs to his apartment.  Specifically, NYCHA represented that it was in the process of re-plastering and re-painting the walls and ceiling in the bathroom, kitchen, hallway, and bedroom, replacing the toilet in the bathroom, fixing the water pressure, and fixing the electrical outlet in the kitchen.  NYCHA also stated that it had found no evidence of mold in the apartment.  At the conclusion of the hearing, and in a subsequent order, the Court directed NYCHA to file and serve a status letter, advising the Court of the status of the repairs on Plaintiff's apartment.  [ECF No. 14].

### IV.    Plaintiff's Amended Complaint And Letter

Immediately after the April 4 hearing, Plaintiff filed the Amended Complaint.  [ECF No. 13].  In his Amended Complaint, Plaintiff asserts claims against NYCHA under the FHA, the ADA, the Rehabilitation Act, and claims of constitutional violations.  He alleges that all the members of his household are disabled and that NYCHA's "neglect an[d] failure to make repairs and lack of services from water leaks and general repairs has created an unsafe, unsanitary and dangerous environment for [P]laintiff and his household."  (Am. Compl. at 5).  He asserts that the conditions in his apartment have been "caused by NYCHA['s] system[ic] failure to make repairs . . . [and that that failure] presents a plausible claim . . . ."  (Am. Compl. at 5).  Plaintiff also asserts that "because the status of his apartment is classified as a [retrofitted]/Section 504

unit[,] it should be[] given . . . the highest priority."  (Am. Compl. at 6).  Plaintiff asks for "[i]mmediate competent repairs to the conditions complained of and outlined in this action." (Am. Compl. at 6).

Moreover, in an April 4, 2022 letter filed contemporaneously with his Amended Complaint, Plaintiff states that he has video evidence that he wishes to submit to the Court regarding the condition of his apartment.  [ECF 12, at 1]  In addition, he states that he disagrees with the Court's determination that he has failed to show that a policy, custom, or practice of NYCHA caused a violation of his federal constitutional rights; he asserts that NYCHA's failure to repair his apartment – an apartment that, he alleges, had been retrofitted for tenants with disabilities – constitutes violations of his federal constitutional rights and his rights under the FHA.  [*See* ECF 12, at 2–3].

V.    **NYCHA Makes Repairs To Plaintiff's Apartment**

In accordance with the Court's order at the April 4th conference, NYCHA filed a status letter on April 29, 2022 advising the Court that it had completed most of the repairs to the apartment, including plastering and painting the walls and ceiling and fixing the electrical outlets.  NYCHA represented that the only outstanding repairs to the apartment were the replacement of the kitchen cabinets and the replacement of the bathtub enclosure.  [ECF No. 15]. Several weeks later, on June 10, 2022, NYCHA filed a letter advising the Court that it had confirmed with Plaintiff that all outstanding repairs to the apartment had been completed.  [ECF No. 17].  Plaintiff did not file any response to the June 10 NYCHA letter.

Accordingly, in light of NYCHA's representation in the June 10 letter that Plaintiff had confirmed that all outstanding repairs to the apartment had been completed, the Court ordered Plaintiff to show cause in writing, on or before July 5, 2022, why this action should not be dismissed as moot.  [ECF No. 18].  In response, Plaintiff confirmed that NYCHA had completed

most of the major repairs that Plaintiff reported in his Complaint but contends that this case is not moot as there is still an alleged presence of "mold/fungi/mildew" in the apartment.  [ECF No. 21].[1]

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).  But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits; to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the plaintiff is entitled to relief.

---

[1] At the April 4th conference, NYCHA represented that it had investigated the allegations in the Complaint and determined that there was no presence of mold in the apartment.  Moreover, in it's June 20, 2022 status letter, NYCHA advised the Court that it had confirmed with Plaintiff that all outstanding repairs to the apartment had been completed. [ECF No. 17].  Since Plaintiff only seeks relief in the form of "[i]mmediate competent repairs to the conditions complained of and outlined in this action," (Am. Compl. at 5), the Court is unable to provide Plaintiff any further relief requested in his Complaint and this matter is moot.  Regardless, for the reasons stated below, Plaintiff also fails to state a claim on which relief can be granted and the action is therefore dismissed.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the plaintiff is entitled to relief. *Id.* at 679.

## DISCUSSION

The Court understands Plaintiff's Amended Complaint and April 4 letter[2] as asserting claims that NYCHA: (1) has discriminated against Plaintiff because of his disability by failing to repair his apartment, in violation of the FHA, Title II of the ADA, and the Rehabilitation Act; (2) has failed to provide Plaintiff with reasonable accommodations for his disability by failing to repair his apartment, in violation of the FHA; and (3) has violated Plaintiff's federal constitutional rights by failing to repair his apartment.

### I.   Fair Housing Act

Plaintiff has not alleged facts to support a claim for discrimination under the FHA. Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must allege facts sufficient to show that he "was 'a member of a protected class,' suffered relevant 'adverse'

---

[2] In light of Plaintiff's *pro se* status, the Court construes Plaintiff's letter filed April 4, 2022 as a supplement to his Amended Complaint.

treatment, and 'can sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation.'" *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order) (emphasis in original) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).  "'[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation' at the pleading stage." *Id.* at 45-46 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015)).  Thus, "a plaintiff may not need to prove that [his] protected status was a but-for cause of the adverse action she suffered, but only a motivating factor." *Id.* at 46; *Fair Hous. Justice Ctr., Inc. v. Edgewater Park Owners Coop., Inc.*, No. 10-CV-0912l, 2012 WL 762323, at *7 (S.D.N.Y. Mar. 9, 2012) ("To establish a claim under the FHA . . . , Plaintiff must demonstrate that [a protected class] is a motivating factor in" the defendant's actions).

Plaintiff has alleged no facts showing that his disability was a motivating factor with respect to any adverse action that NYCHA purportedly has taken against him.  He merely alleges that he and the other members of his household are disabled, and that NYCHA has failed to repair his apartment, (Am. Compl. at 5), but alleges no facts that suggest that NYCHA failed to repair his apartment *because* of his disability.  *See Smith v. NYCHA*, 410 F. App'x 404, 406 (2d Cir. 2011) (summary order) ("Smith has failed to identify any prohibited motive attributable to [NYCHA] . . . , or contended that the conditions in her apartment were a result of disability discrimination . . . Smith did not allege that NYCHA failed to provide needed repairs in her apartment because she was disabled, or that NYCHA responded differently to the maintenance requests of non-disabled tenants.").

Plaintiff has also not alleged facts to support a claim for a failure to provide reasonable accommodations under the FHA.  To state such a claim, a plaintiff must allege facts showing (1)

that the plaintiff or a person living with the plaintiff had a disability as defined by the FHA, (2) that the defendant knew or reasonably should have known of the disability, (3) that the accommodation was likely necessary to afford the disabled person an equal opportunity to use and enjoy the dwelling, (4) that the accommodation requested was reasonable, and (5) that the defendant refused to make the requested accommodation.  *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014).

As an initial matter, as Plaintiff acknowledges, NYCHA has completed the major repairs that Plaintiff reported in his Complaint.  [ECF No. 21].  Plaintiff merely contends that NYCHA has failed to remedy the alleged presence of "mold/fungi/mildew" in the apartment [ECF No. 21], but NYCHA *did* investigate this claim and determined that no such mold was present in the apartment.  Moreover, Plaintiff has alleged no facts showing that he was denied the opportunity to participate in or benefit from NYCHA's services, programs, or activities, or was otherwise discriminated against by NYCHA, *by reason of* his disability.  He merely asserts that because he and the other members of his household are disabled, the repairs that NYCHA must make to his apartment should be of a higher priority than those of other repairs that NYCHA must make. (Am. Compl. at 5–6).  However, "[a] plaintiff is not entitled to *preferential* enjoyment of her housing solely by virtue of her disability."  *Higgins v. 120 Riverside Boulevard at Trump Place Condo.* No. 21-CV-4203, 2021 WL 5450205, at *4 (S.D.N.Y. Nov. 19, 2021) (emphasis in original).  Rather, he "must show that, but for the accommodation, [he has been denied or] likely will be denied an equal opportunity to enjoy the housing of [his] choice."  *Olsen*, 759 F.3d at 156 (internal quotation marks and citations omitted, alterations and emphasis in original).

The Court therefore dismisses Plaintiff's claims under the FHA for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Title II Of The ADA And The Rehabilitation Act

Plaintiff also has not alleged facts to support a claim under Title II of the ADA or the Rehabilitation Act.  To state a claim under Title II of the ADA or under the Rehabilitation Act, a plaintiff must allege that (1) the plaintiff is a qualified individual with a disability; (2) the defendant is subject to the ADA or the Rehabilitation Act; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, *by reason of* the plaintiff's disability. *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009).  Plaintiff has alleged no facts in his Amended Complaint or April 4 letter showing that he was denied the opportunity to participate in or benefit from NYCHA's services, programs, or activities, or was otherwise discriminated against by NYCHA, by reason of his disability.  Plaintiff does not allege any facts showing that NYCHA has failed to repair his apartment *because* of his disability.

The Court therefore dismisses Plaintiff's claims under Title II of the ADA and the Rehabilitation Act for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.     42 U.S.C. § 1983

As the Court noted in its March 24, 2022 Order, to state a claim under Section 1983 against NYCHA, a plaintiff must allege facts showing: (1) the existence of a NYCHA policy, custom, or practice; and (2) that the NYCHA policy, custom, or practice caused the violation of the plaintiff's federal constitutional rights.  *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012).

### A.     *Safe And Sanitary Housing.*

To the extent that Plaintiff asserts claims under Section 1983 against NYCHA arising from its failure to provide him with safe and sanitary housing, there is no federal constitutional

right to safe and sanitary housing.  *Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary housing.  But the Constitution does not provide judicial remedies for every social and economic ill.  We are unable to perceive in that document any constitutional guarantee of access to dwellings of a particular quality . . . .").  Thus, it follows that there can be no claim under Section 1983 against NYCHA for its failure to provide Plaintiff with safe and sanitary housing.  *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct.").  The Court therefore dismisses these claims under Section 1983 for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

      *B.*    *Equal Protection*

      The Court understands Plaintiff's Amended Complaint and April 4 letter as asserting claims under Section 1983 that NYCHA has discriminated against Plaintiff because of his disability in violation of the Fourteenth Amendment's Equal Protection Clause.  The Equal Protection Clause prohibits the disparate treatment of similarly situated individuals.  *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Brown v. City of Syracuse*, 673 F.3d 141, 151 (2d Cir. 2012) (citations omitted).  To state an equal protection claim, a plaintiff must allege "purposeful discrimination directed at an identifiable or suspect class."  *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (citation omitted).

      While "[u]nder certain circumstances, a [local governmental entity's] failure to act can constitute a policy and thus give rise to liability under Section 1983, . . . the failure to act must rise to the level of deliberate indifference."  *R.B. ex rel. L.B. v. Bd. of Educ. of City New York*, 99 F. Supp. 2d 411, 418 (S.D.N.Y. 2000) (citing *City of Canton v. Harris*, 489 U.S. 378, 388–89

(1989)).  Plaintiff has not alleged any facts suggesting that NYCHA's failure to act to remediate the deteriorating conditions of his apartment constitute deliberate indifference, that is, a deliberate NYCHA policy, custom, or practice to discriminate against individuals with disabilities.  Rather, he alleges that he and the other members of his household are disabled, and that NYCHA has failed to repair the conditions in his apartment, (Am. Compl. at 5–6), but he does not suggest a connection between these allegations.

Moreover, individuals with disabilities are not considered members of a suspect or quasi-suspect class for the purpose of an equal protection claim.  *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 368 (2001) ("If special accommodations for the disabled are to be required, they have to come from positive law and not through the Equal Protection Clause.") (footnote omitted); *City of Cleburne*, 473 U.S. at 442–46 (individuals who have a mental disability are not members of a quasi-suspect class for the purpose of equal-protection analysis); *Chick v. Cnty. of Suffolk*, 546 F. App'x 58, 60 (2d Cir. 2013) (summary order) ("[D]isability is not a suspect classification under the Equal Protection Clause. . . .").  Accordingly, Plaintiff cannot make out an Equal Protection violation premised on his alleged disability.

The Court therefore dismisses Plaintiff's section 1983 claims for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Plaintiff has consented to electronic service of court documents.  [ECF 11].

The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

Dated:    July 22, 2022
          New York, New York

                                                  _____
                                                  MARY KAY VYSKOCIL
                                                  United States District Judge